UNITED STATES of America, et al., Plaintiffs,

v.

Donald E. DISTLER, et al., Defendants.

PORTER PAINT COMPANY, et al., Third Party Plaintiffs,

v.

ARISTOKRAFT CORPORATION, et al., Third Party Defendants.

Civ. A. Nos. C88–0200–L(J), C88–0201–L(J).

United States District Court, W.D. Kentucky, Louisville Division.

July 12, 1991.

Richard A. Dennis, Asst. U.S. Atty., Louisville, KY, Roger M. Marzulla, Acting Asst. Atty. Gen., U.S. Dept. of Justice, Jon A. Mueller, Environmental Enforcement Section Land and Natural Resources Div., Washington, DC, Mary J. Wilkes, Asst. Regional Counsel, U.S. E.P.A., Region IV, Atlanta, GA, Karen Harrison, Office of Enforcement and Compliance Monitoring, Washington, DC, for U.S.

Wayne J. Carroll, Louisville, KY, for Kurfees Coatings, Inc.

Robert M. Olian, Anne D. Samuels, Sidley & Austin, Chicago, IL, for Velsicol Chemical Corp.

Fred M. Goldberg, Louis I. Waterman, Goldberg & Simpson, Louisville, KY, Charles M. Chadd, Pope Ballard Shepard & Fowle, Ltd., Chicago, IL, for A.O. Smith Corp.

Mark R. Feather, Brown Todd & Heyburn, Louisville, KY, for Wickes Companies, Inc.

James H. Wooten, Jr., Illinois Tool Works, Chicago, IL, for Illinois Tool Works, Inc.

David J. Bailey, Mary A. Prebula, Hansell & Post, Atlanta, GA, Victor L. Baltzell, Jr., Nold Miller Mosley Clare Hubbard & Townes, Louisville, KY, for McKesson Corp.

Thomas A. Hoy, Woodward Hobson & Fulton, Louisville, KY, James A. Dyer, Jesse B. Beasley, Jon M. Sebaly, Sebaly Shillito & Dyer, Dayton, OH, for Angell Mfg. Co.

Robert B. Craig, Taft Stettinius & Hollister, Covington, KY, Thomas T. Terp, Kim K. Burke, Laura A. Ringenbach, Taft Stettinius & Hollister, Cincinnati, OH, for Union Carbide; Cincinnati Varnish and Mobil Oil.

Lively M. Wilson, W. Patrick Stallard, Judith A. Villines, Laura D. Keller, Stites & Harbison, Louisville, KY, for James River Corp. of Nevada; Owens–Illinois, Inc.; Hy-Klas Paints, Inc.

Christopher P. O'Bryan, Wm. O. Guethlein, Boehl Stopher Graves & Deindoerfer, Louisville, KY, for Hy–Klas Paints, Inc.

Marcus P. McGraw, Lloyd Cress, John C. Bender, Greenebaum Doll & McDonald, Lexington, KY, for Porter Paint Co.; Ashland Oil, Inc.

Carl W. Breeding, Reece Lang Aker & Breeding, P.S.C., London, KY, Timothy A. Vanderver, Jr., Elliott P. Laws, John C. Martin, Patton Boggs & Blow, Washington, DC, for Essex Group, Inc.; BASF Corp.

Timothy J. Salansky, Dept. of Law, Natural Resources and Environmental Protection Cabinet, Frankfort, KY, for Commonwealth of Kentucky, Natural Resources and Environmental Protection Cabinet.

Edward C. Airhart, P.S.C., Louisville, KY, for Donald E. Distler Farm Site, Kentucky Liquid Recycling, Inc.

Jeffrey C. Fort, Deborah H. Bornstein, Katherine Hahn, Gardner Carton & Douglas, Chicago, IL, for Angell Mfg. Co., Angex Corp.; W.E. Davis.

John S. Reed, Cecilia T. Allen, Hirn Reed Harper and Eisinger, Louisville, KY, for third party plaintiffs.

Dorothy M. Pitt, John Rogers, Jr., Rogers, Fuller and Pitt, Louisville, KY, for third party defendant Smith Cabinet Mfg. Co.

## MEMORANDUM OPINION

JOHNSTONE, District Judge.

This matter is before the court on the renewed motion of defendant Angell Manufacturing Company ("Angell") for summary judgment pursuant to FED.R.CIV.P. 56. Finding no genuine issue of material fact and persuaded by the arguments raised by Angell, the motion is granted.

## I. BACKGROUND

As summarized by the court in its memorandum opinion of February 14, 1990, movant/defendant Angell is in many respects a successor to the business of Angell Manufacturing Co. ("Angex"). 741 F.Supp. 637. Angex was organized in 1976 for the purpose of purchasing the Angell Manufacturing Division of The Lamson & Sessions Corporation ("AMD"). AMD was engaged in the business of manufacturing name plates for producers of domestic electronics products a venture which Angex continued following acquisition of AMD.

In 1979, three Angex managerial employees—Richard Anglin, William Tatum and Robert Paus formed Ang Corporation, under the laws of Ohio, for the purpose of purchasing Angex. Together Anglin, Tatum and Paus owned, in equal shares, all Ang Corporation outstanding capital stock. Through an asset purchase agreement, Ang Corporation acquired all Angex assets (with the exception of the headquarters facility) and assumed certain liabilities delineated in the agreement. Angex was then dissolved and Ang

Corporation renamed Angell Manufacturing Company.

No director or shareholder of Angex is currently, or has ever been, a director or shareholder of Angell. Angell did, however, retain substantially all former Angex employees, produces the same products and serves the same customers previously produced and served by Angex and, for all practical purposes appeared, in the public eye as Angex. Moreover, following acquisition of Angex, Angell issued a press release indicating the change in ownership but stating that it intended to produce the same product and provide the same services previously provided by Angex.

In its original dispositive motion, Angell urged the court to dismiss the claims asserted against it by the United States on the grounds that it was not a successor corporation liable for response costs under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA"), 42 U.S.C. § 9607. This argument was premised on the following factors:

1. The United States bases its case against Angell on a shipment of liquid waste in 1976 under the name "Angell Manufacturing" i.e. Angex; and

2. Angell, incorporated in April 1979, did not exist at the time of the disposal of hazardous substances allegedly generated by Angex.

■ In denying Angell's dispositive motion, the court concluded that Congress intended for successor corporations to remain liable for CERCLA clean up costs. Having so concluded, the court turned to the questions of (1) whether Angell was in fact a successor corporation to Angex and (2) whether Angell remained liable for CERCLA clean up costs allegedly arising from Angex operations. Applying an expanded version of the "mere continuation" exception (namely the "substantial continuation" exception) to the traditional rule that a purchaser does not, as a matter of course, assume all liabilities of the purchased corporation, this court held that Angell remained liable for CERCLA clean up costs as a successor corporation to Angex. This holding was based upon the court's view that successor liability in CERC-

LA cases should be applied in a manner which furthers CERCLA's policy of holding responsible waste generators liable as opposed to a manner which rigidly adheres to traditional state law successor liability theories. Accordingly, the application of an expanded version of the "mere continuation" exception was viewed as the appropriate exception to apply in this instance. Through this expanded exception to the non-liability rule, the court considers whether the purchaser, in this instance Angell:

1. retains the same employees;

2. retains the same supervisory personnel;

3. retains the same production facilities;

4. continues to produce the same product;

5. retains the same name;

6. retains the same assets and continues the business operations; and

7. holds itself out to the public as a continuation of the same venture.

The court concluded that a manufacturer's responsibility for its hazardous waste under CERCLA survives a change of ownership in those instances where, as here, the manufacturing business maintains its identity and "continues to operate as before at the same old stand." *see generally Ray v. Alad Corp.,* 55 Cal.App.3d 855, 127 Cal.Rptr. 817, 821 (1977).

In its renewed motion, Angell urges the court to reconsider its decision in light of the recent decision of the United States Court of Appeals for the Sixth Circuit in *Anspec Company, Inc. v. Johnson Controls, Inc.,* 922 F.2d 1240 (6th Cir.1991). In *Anspec,* the court, finding it unnecessary to fashion a federal common law rule, interpreted the word "corporation" to include successor corporations as potentially liable entities under CERCLA. Further, the court remanded the case with the direction that the district court apply state law to determine whether a successor corporation is liable for the costs associated with cleaning up and disposing of hazardous waste generated by its predecessor.

With this background, the court will again consider Angell's dispositive motion.

## II. ANALYSIS

 Following the holding in *Anspec,* this court must apply state law to determine the issue of whether Angell is liable as a successor to Angex. Since both Angell and Angex were incorporated under the laws of Ohio, the court will look to Ohio law to resolve the successor liability issue.

In *Flaugher v. Cone,* 30 Ohio St.3d 60, 507 N.E.2d 331 (1987), the Supreme Court of Ohio held that the general rule of non-liability in a corporate asset purchase transaction is subject to the following traditional exceptions:

1. the buyer expressly or implicitly agrees to assume liabilities;
2. the transaction is a defacto merger or consolidation;
3. the buyer is a mere continuation of the seller; or
4. the transaction was a fraudulent attempt to escape liability.

Since the asset purchase agreement does not indicate that Angell expressly or implicitly agreed to assume Angex CERCLA liabilities and since the transaction was not a defacto merger or fraudulently conducted, liability will arise in this instance only if Angel is a "mere continuation" of Angex.

The *Flaugher* court indicated that the gravamen of the mere continuation exception is the "continuation of the corporate entity rather than the continuation of the business operation." In refusing to apply the mere continuation exception, the court noted that the purchasing corporation did not have the same directors or officers as the acquired corporation. Although the *Flaugher* court discussed the expanded version of the "mere continuation" exception this court's reading of the decision leads to the conclusion that Ohio follows a strict interpretation of the mere continuation doctrine.

Here, as the court indicated in its previous opinion, application of the traditional "mere continuation" doctrine results in the conclusion that Angell cannot be held liable as a successor to Angex. The facts surrounding the transaction which support this finding include the fact that:

1. the transaction was an asset purchase;
2. no Angex stock was transferred to Angell; and
3. no Angex shareholder, director or officer became a shareholder, director or officer of Angell.

For these reasons, the court finds that, under the traditional exceptions to successor non-liability recognized under the laws of the state of Ohio, Angell is not liable as a successor to Angex. Accordingly, Angell's motion for summary judgment will be granted.

An appropriate order accompanies this memorandum opinion.